IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| GREGORY P. DAMM, | § | |
|---|---|---|
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-392-A |
| | § | (NO. 4:16-CR-004-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Gregory P. Damm ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-004-A, styled "United States of America v. Gregory P. Damm," the court has concluded that the motion should be denied.

I.

Background

On January 13, 2016, movant was named in a one-count indictment charging him with failure to register as a sex offender, in violation of 18 U.S.C. § 2250. CR Doc.¹ 4. On March 11, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of

---

¹The "CR Doc.___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-004-A.

a plea agreement. CR Doc. 23. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 24. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 48.

The probation officer prepared the PSR reflecting that movant's base offense level was 16. CR Doc. 29, ¶ 25. He received a two-level and a one-level adjustment for acceptance of responsibility. Id. ¶¶ 32, 33. Based on a total offense level of 13 and a criminal history category of V, movant's guideline imprisonment range was 30 to 37 months. Id. ¶ 106. Defendant

lodged objections to the PSR. CR Doc. 31. The probation officer prepared an addendum to the PSR. CR Doc. 33.

On July 1, 2016, movant was sentenced to a term of imprisonment of 60 months. CR Doc. 41. Movant appealed, CR Doc. 43, and his sentence was affirmed. United States v. Damm, 694 F. App'x 354 (5th Cir. 2017). His petition for writ of certiorari was denied on January 8, 2018. Damm v. United States, 138 S. Ct. 693 (2018).

On November 26, 2018, movant filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina where he is confined. Doc.[2] 9, Ex. 1. A United States Magistrate Judge recommended that the petition be re-characterized as a motion under § 2255 and transferred to this district. Id., Ex. 2. Movant agreed with the recommendation. Id., Ex. 3.

While the South Carolina action was pending, movant filed his motion under § 2255 in this court.[3] Although there might have been an issue as to whether the motion originally filed here was timely, the South Carolina action has now been transferred to

---

[2] The "Doc. ___" reference is to the number of the item on the docket in this civil action.

[3] Attached to movant's motion was a letter explaining to the clerk that movant had filed a petition in South Carolina that had been re-characterized as a motion under § 2255 that he anticipated would be transferred to this District. Doc. 1 PageID 13-14. (The "PageID ___" reference is to the page number assigned by the court's electronic filing system.)

this District and assigned to the docket of the undersigned under Civil Action No. 4:19-CV-496-A. The court has ordered that these actions be consolidated under Civil Action No. 4:19-CV-392-A. The court now considers the grounds raised on their merits.[4]

II.

Grounds of the Motion[5]

Movant sets forth four grounds in support of his motion, worded as follows:

> **GROUND ONE:** The judgment violates the constitution or laws of the United States.
>
> **GROUND TWO:** The court lacked jurisdiction to enter the judgment.
>
> **GROUND THREE:** The sentence exceeded the maximum allowed by law.

Doc. 1 at 7.

> **GROUND FOUR:** The judgment or sentence is otherwise subject to collateral review.

Id. at 8. Movant says that he failed to raise any of these grounds on appeal because he received ineffective assistance of appellate counsel. Id.

---

[4] The government has suggested that it would not object to the timeliness of the motion if the court were to proceed in this manner. Doc. 8.

[5] Although they are slightly differently worded from the grounds asserted in the motion filed in South Carolina, the court is satisfied that the same grounds are being presented by the motion filed in this action. Doc. 9, Ex. 1.

III.

## Standards of Review

A. <u>28 U.S.C. § 2255</u>

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. <u>United States v. Frady</u>, 456 U.S. 152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974); <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

5

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the <u>Strickland</u> test. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

<u>Analysis</u>

All of movant's grounds should have been raised on appeal. He can overcome his procedural default only by showing cause and prejudice. <u>Shaid</u>, 937 F.2d at 232. As cause, movant says that his counsel failed to raise the issues on appeal. But, he has not shown, or even made any attempt to show, prejudice as a result. Movant's arguments are wholly conclusory and unsupported and fail to raise a constitutional issue. See <u>United States v. Woods</u>, 870 F.2d 285. 288 n.3 (5th Cir. 1989). But, even if movant had sufficiently alleged and supported his grounds, none of them has merit. Thus, his counsel cannot have been ineffective in failing to raise them. <u>United States v. Kimler</u>, 167 F.3d 889, 893 (5th Cir. 1999).

Movant first asserts that the judgment violates the constitution or laws of the United States. As supporting facts,

7

he says that he has never been convicted of a federal sex offense. Doc. 1 at 7. Of course, that was not a requirement of the statute under which he was convicted. 18 U.S.C. § 2250. The cases he cites are not to the contrary. See <u>United States v. Kebodeaux</u>, 570 U.S. 387 (2013)(SORNA[6] applies to persons convicted before its enactment); <u>Nichols v. United States</u>, 136 S. Ct. 1113 (2016)(sex offender who changes his residence is required to register in person in the jurisdiction where he resides, works, or is a student within three business days of the change). SORNA is constitutional. See, e.g., <u>Kebodeaux</u>, 570 U.S. 387; <u>United States v. Fields</u>, 777 F.3d 799, 807 (5th Cir. 2015); <u>United States v. Johnson</u>, 632 F.3d 912, 920 (5th Cir. 2011).

In his second ground, movant says that the court lacked jurisdiction to enter the judgment against him. Doc. 1 at 7. As supporting facts, he simply says "[f]ailure to charge by indictment deprives district court of jurisdiction." <u>Id.</u> Movant is mistaken if he thinks he was not charged by indictment.[7] CR Doc. 4.

In his third ground, movant asserts that the sentence exceeded the maximum allowed by law. Doc. 1 at 7. Again, movant

---

[6]"SORNA" is the Sex Offender Registration and Notification Act, now found at 34 U.S.C. §§ 201901-201991.

[7]Movant's allegation that the grand jury was unconstitutionally selected and impaneled, Doc. 1 at 8, is wholly conclusory and unsupported.

is mistaken. His statute of conviction carries a maximum ten-year sentence. 18 U.S.C. § 2250. In addition, movant was subject to a term of supervised release of not less than five years up to life. 18 U.S.C. § 3583(k).

Movant's final ground–that the judgment or sentence is otherwise subject to collateral review–makes no sense. Doc. 1 at 8. And, the supporting facts section following this ground, which refers to movant's memorandum, does not add any clarification. Id. The government believes that movant is claiming that the court could not lawfully impose a term of supervised release or a condition of sex offender treatment. Doc. 8 at 10. If that is movant's argument, he is again mistaken. As noted, movant was subject to a term of at least five years' supervised release. 18 U.S.C. § 3583(k). And sex offender treatment is an appropriate condition of supervised release. United States v. Weatherton, 567 F.3d 149, 153-54 (5th Cir. 2009).

To the extent movant may be arguing that he was not required to register or did not know he was supposed to register, any such argument is foreclosed by his factual resume and his solemn declaration in open court that everything in it was true. CR Doc. 24; Blackledge v. Allison, 431 U.S. 63, 74 (1977).

And, finally, to the extent movant appears to be raising new arguments in his reply, Doc. 11, and presenting new evidence,

Doc. 12, the court is not considering those matters. See United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 15, 2019.

_____
JOHN McBRYDE
United States District Judge